**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION,**
Plaintiff,

v.

**LAWN SAVINGS AND LOAN ASSOCIATION, an Illinois corporation,**
Defendant.

No. 68 C 454.

United States District Court
N. D. Illinois, E. D.
June 5, 1968.

Larry M. Berkow, Attorney, Paul E. McGraw, Associate General Counsel, Federal Home Loan Bank Board, Washington, D. C., David J. Shipman and John F. McCarthy, Chicago, Ill., of counsel, for plaintiff.

David Krueger, Henry W. Kenoe and Raphael Fine, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR PRELIMINARY INJUNCTION

ROBSON, District Judge.

The Federal Savings and Loan Insurance Corporation (F.S.L.I.C.) has moved this court to issue a preliminary injunction, prohibiting the defendant from violating a cease and desist order issued on November 30, 1967. The defendant is in the process of appealing that order. (7th Cir. No. 16642.) On January 4, 1968, the Seventh Circuit Court of Appeals denied defendant's motion to stay the effective date of the cease and desist order. That order went into effect on that date, January 4, 1968, thirty days after the defendant was served with notice. Plaintiff alleges that the defendant is presently violating the order.

There is before this court, however, the preliminary question of whether there is jurisdiction to hear the motion. The statute under which the plaintiff is proceeding is relatively recent, having been passed on October 16, 1966. 12 U.S.C. § 1730. The defendant here filed for review under Section 1730(j) (2), which allows such a party to appeal the order of the F.S.L.I.C. to the Court of Appeals. The Court of Appeals, under this sub-section, has "exclusive" jurisdiction (with only one exception not relevant) "to affirm, modify, terminate, or set aside, in whole or in part, the order of the Corporation." This same sub-section also says that "Review of such proceedings shall be had as provided in chapter 7 of Title 5." This section referred to (5 U.S.C. § 705) provides that the Court of Appeals "may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." This is essentially the wording in the All Writs Statute, 28 U.S.C. § 1651(a), which allows any federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Absent any other provision of law, this would mean that the Court of Appeals where review is pending could issue an injunction in the terms the plaintiff asks for here. The plaintiff argues that sub-section 1730(k) (2) deprives the Court of Appeals of jurisdiction to hear and decide on motions for enforcement of outstanding orders. This sub-section reads as follows:

> "The Corporation may, in its discretion, apply to the United States district court, or the United States court of any territory, * * * for the enforcement of any effective and outstanding notice or order issued by the Corporation under this section, and such courts shall have jurisdiction and power to order and require compliance therewith; but except as otherwise provided in this section no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate, or set aside any such notice or order."

Relevant to this sub-section is the recent case of Federal Trade Commission v. Dean Foods Co., 384 U.S. 597, 86 S. Ct. 1738, 16 L.Ed.2d 802 (1966). There the court ruled that the F.T.C. could apply to the Court of Appeals for an injunction, and that the Court of Appeals had the power under the All Writs Act to issue such an injunction. In the course of the opinion, the court observed that Congress had considered giving the F.T.C. the power to apply to the district courts for the enforcement of their orders, but had not acted upon the proposed statutes. The power which would have been given the F.T.C. was similar to the power Congress did give to the plaintiff in the above-quoted § 1730(k) (2). The court, however, made this further observation, at 609, 86 S.Ct. at 1745:

> "Congress neither enacted nor rejected these proposals; it simply did not act on them. Even if it had, the legislation as proposed would have had no effect whatever on the power that Congress granted the courts by the All Writs Act."

The case before this court is even stronger, since Congress did expressly say that the review provisions of the Administration Procedure Act should apply, especially 5 U.S.C. § 705 quoted above.

It is clear to this court that given the language of exclusivity and the reference to 5 U.S.C. § 705 in the appellate review section 1730(j) (2), added to the decision of the Supreme Court in Dean Foods Co., supra, that this court does not have exclusive or concurrent jurisdiction to hear and decide this motion for a preliminary injunction. This court concludes that a proper reading of the statute involved gives the Court of Appeals exclusive jurisdiction to hear and decide this motion for preliminary injunction while an appeal is pending. This decision eliminates the possibility that this court might, by its actions, render the pending appeal moot. This case, therefore, belongs in the Seventh Circuit Court of Appeals. Order cause dismissed.